No. 25-60010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

ALLIANCE FOR A STRONG U.S. BATTERY SECTOR, and TEXAS CHEMISTRY COUNCIL, INC.,

*Petitioners,*

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, and JANE NISHIDA, Administrator (Acting), United States Environmental Protection Agency,

*Respondents,*

On Petition for Review of a Final Rule of the
United States Environmental Protection Agency

## MOTION TO SEAL PETITIONER'S UNREDACTED MOTION FOR A STAY, ADDENDUM, AND SUPPORTING DECLARATIONS

DANIEL J. FEITH
  *Counsel of Record*
SAMUEL B. BOXERMAN
JEREMY D. ROZANSKY
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
dfeith@sidley.com

*Counsel for Petitioner Alliance for a Strong U.S. Battery Sector*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**I.   Petitioners**

Petitioner Alliance for a Strong U.S. Battery Sector is a voluntary, nonprofit trade association. It has no parent corporation, and no corporation holds a 10% or greater ownership interest in it.

Petitioner Texas Chemistry Council, Inc. is a voluntary, nonprofit trade association. It is not a publicly held entity, does not have parent corporations, and does not issue stock that could be owned by any publicly held entity.

**II.  Respondents**

The United States Environmental Protection Agency is an agency of the federal government. Jane Nishida is an individual, sued in her capacity as Acting Administrator, U.S. Environmental Protection Agency.

**III.   Interested parties**

    **A.   Attorneys for Petitioners**

- Daniel J. Feith (Counsel for Alliance)
- Samuel B. Boxerman (Counsel for Alliance)
- Jeremy D. Rozansky (Counsel for Alliance)
- Sidley Austin LLP (Counsel for Alliance)
- David A. Terry (Counsel for TCC)
- Hunton Andrews Kurth, LLP (Counsel for TCC)

    **B.   Attorneys for Respondent**

- Laura Brown
- Laura Glickman
- Alex Purpuro

    **C.   Other interested parties.**

To counsel's knowledge, there are no additional firms or persons with an interest in the outcome of the litigation.

Dated: January 13, 2025

                                               /s/ *Daniel J. Feith*
                                               Daniel J. Feith

## INTRODUCTION

Pursuant to Fifth Circuit Rule 25.2.8, Petitioner Alliance for a Strong U.S. Battery Sector ("Alliance") moves to file under seal its unredacted Motion for Stay Pending Judicial Review and for Temporary Administrative Stay ("Stay Motion"), unredacted Addendum comprising selections from the administrative record, and unredacted Declarations in support of the Stay Motion. The Alliance seeks to redact only limited, confidential, competitively sensitive information about the business of its member, ENTEK International LLC, as well as sensitive personal information about ENTEK employees. *See United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) ("[R]edaction is often practicable and appropriate as the least restrictive means of safeguarding sensitive information."). EPA treated all that information as confidential during the rulemaking process. The Alliance therefore respectfully requests that the Court grant this motion.

## LEGAL STANDARD

Although the public has a right to access judicial records, that right is "not absolute." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In particular, courts deny access to records where they contain "sources

of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) ("[S]ealing may be appropriate where orders incorporate confidential business information."). In exercising its discretion to seal judicial records, the Fifth Circuit balances the public's right of access against the interests favoring nondisclosure. *See ACLU of Miss. v. Mississippi*, 911 F.2d 1066, 1072–73 (5th Cir. 1990). Where material contains highly confidential and proprietary business information, the interests of nondisclosure outweigh the public's right of access. *See Nixon*, 435 U.S. at 598–99.

## ARGUMENT

The Alliance seeks to redact four categories of sensitive, confidential business information: (1) information disclosing manufacturing capacity, revenue, and market share; (2) information divulging confidential details of customer relationships and business strategy; (3) proprietary information regarding ENTEK's production process; and (4) sensitive information regarding ENTEK employees who are not parties to this action. The interest in protecting the confidentiality of this competitively-sensitive information outweighs the

public's right of access to court documents and justifies granting the Alliance's Motion to Seal.

***Interests of Nondisclosure.*** The Alliance and ENTEK's interest in non-disclosure is especially weighty. The risks from disclosing competitively sensitive information—and thus the grounds for redacting such information—are heightened in the market for battery separators. The battery separator manufacturing industry is extremely competitive, consisting of a relatively small number of companies concentrating resources on meeting the increasing demands of battery producers and meeting stringent regulatory requirements. Thus, in making various submissions during the rulemaking process, ENTEK requested, and EPA granted, confidential treatment for ENTEK's competitively-sensitive confidential business information.

This Motion seeks to protect the confidentiality of the same categories of information ENTEK redacted before the agency. All these categories are routinely kept confidential in litigation. As courts consistently recognize, publication of proprietary information regarding such matters as financial performance, customer relationships, production processes, and business strategy is likely to cause substantial

3

harm to competitive standing and thus should be sealed. *See, e.g., In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 792 (8th Cir. 2021) (holding that sealing was "warranted" where records "contained sensitive, commercially competitive material"); *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (sealing portions of joint appendix and briefs "to protect the parties' confidential proprietary business and competitive interests").

For starters, precise information about manufacturing capacity, market share, and revenue, including forecasts about the disruption the TCE Rule will cause for ENTEK's production and workforce, is likely to cause harm to ENTEK's competitive standing. Detailed information about production, revenues, and market share would give ENTEK's suppliers and customers "an advantage in contract negotiations, which they could use to extract price increases" or reductions. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013). Because that would put ENTEK "at a competitive disadvantage," this information should be sealed or redacted. *Id.*; *see also, e.g., Pluspass, Inc. v. Verra Mobility Corp.*, 2024 WL 4839162, at *3 (C.D. Cal. Jan. 5, 2024)

4

("dissemination" of market share "information may provide … competitors with an advantage").

So too, information that could reveal confidential details about ENTEK's proprietary manufacturing process is "competitively sensitive" and should be sealed. The Alliance thus seeks to redact discussions of ENTEK's proprietary manufacturing processes, exposure controls, chemical recovery mechanisms, and internal research and development reports. This includes certain information about the layout of ENTEK's facilities, research into TCE substitutes, and ENTEK's analyses of various engineering and administrative controls. This information is the result of decades of internal research and development work ENTEK has undertaken at great cost, and ENTEK keeps this information strictly confidential. Simply put, "disclosing the details of particular design and manufacturing processes" such as these "could unfairly equip [ENTEK's] competitors with the opportunity to mimic the processes without the time and cost of development through trial and error." *Gustafson v. Goodman Mfg. Co. LP*, 2016 WL 393640, at *3 (D. Ariz. Feb. 2, 2016); *see also Nw. Coal. for Alternatives to Pesticides v. Browner*, 941 F. Supp. 197, 205

(D.D.C. 1996) (preventing "disclosure [that] would enable competitors to improve a number of their products").

Finally, sensitive personnel information should be redacted. "Courts have repeatedly concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records." *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, 2021 WL 1146216, at \*3 (N.D. Cal. Feb. 12, 2021); *see also Udoewa v. Plus4 Credit Union*, 754 F. Supp. 2d 850, 883 (S.D. Tex. 2010), *aff'd*, 457 F. App'x 391 (5th Cir. 2012) (sealing "sensitive financial and personnel information, naming individual employees who are not parties to this case"). Here, such personal information includes employee-specific personal breathing zone measurements that, because of the size and specialization of ENTEK's workforce, could not be anonymized. None of the ENTEK employees are parties to this action.

***Absence of Public Interest In Disclosure.*** On the other side of the ledger, the public has no cognizable interest in the sensitive information enumerated above. *See, e.g., Koninklijke Philips N.V. v. Hunt Control Sys., Inc.*, 2017 WL 11633520, at \*1–2 (D.N.J. Mar. 16, 2017) ("No interest of the public warrants disclosure of the confidential information

sealed by this Order to Seal," including "confidential information regarding the parties' sales and financial data and performance.").

Redacting such information is proper because any public interest in access is insignificant and nonspecific and is outweighed by ENTEK's specific and significant interests in preserving the confidentiality of this limited amount of private information that is "normally unavailable to the public." *U.S. ex rel Carter v. Halliburton Co.*, 2011 WL 2077799, at *3 (E.D. Va. May 24, 2011); *Advice Interactive Grp., LLC v. Web.com Grp., Inc.*, 2018 WL 3609861, at *2 (M.D. Fla. July 26, 2018) ("[T]he parties' interests in the privacy of their business records outweigh the public's right of access."). "[T]he competitive disadvantages that would flow to" ENTEK if the confidential material at issue "were made public outweighs the interest of the public, including competitors," of accessing this specific information. *Dish Network, LLC v. WLAJ-TV, LLC*, 2017 WL 1333057, at *2 (W.D. La. Apr. 3, 2017).

## CONCLUSION

For these reasons, the Alliance respectfully requests that the Court grant this Motion to Seal and that only a redacted version of Petitioners'

Stay Motion and accompanying Addendum and Declarations be filed in the public record.

January 13, 2025                    Respectfully submitted,

/s/ *Daniel J. Feith*
DANIEL J. FEITH
 *Counsel of Record*
SAMUEL B. BOXERMAN
JEREMY D. ROZANSKY
**SIDLEY AUSTIN LLP**
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
dfeith@sidley.com

*Counsel for Petitioner Alliance for a Strong U.S. Battery Sector*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2025, an electronic copy of the foregoing was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system.

/s/ *Daniel J. Feith*
DANIEL J. FEITH

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 32(c) and Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fifth Circuit Rule 32.2, this document contains 1,256 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century Schoolbook font.

Dated: January 13, 2025                    /s/ *Daniel J. Feith*
                                           DANIEL J. FEITH

## CERTIFICATE OF CONFERENCE

Pursuant to Circuit Rule 27.4, I hereby certify that:

(1) On January 10, 2025, Daniel J. Feith and Jeremy D. Rozansky, counsel for Petitioner Alliance for a Strong U.S. Battery Sector, conferred by video web conference with Laura Brown, Laura Glickman, and Alex Purporo, counsel for Respondents. Respondents take no position on the relief requested in this motion.

(2) On January 12, 2025, Jeremy D. Rozansky, counsel for Petitioner Alliance for a Strong U.S. Battery Sector, conferred by email with David Terry, counsel for Petitioner Texas Chemistry Council. Texas Chemistry Council takes no position on the relief requested in this motion.

Dated: January 13, 2025                                  /s/ *Daniel J. Feith*
                                                         DANIEL J. FEITH